IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric A. Grimes, | Case No. 3:14 CV 2208 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Toledo Municipal Court, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Eric Grimes filed this action under 42 U.S.C. § 1983 against the Toledo Municipal Court, the Toledo Police Department, and the Lucas County Sheriff. Plaintiff alleges Defendants unlawfully arrested him and interfered with his court-ordered child visitation. He seeks monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted.

## BACKGROUND

Plaintiff's Complaint is very brief and contains no factual allegations. He asserts he was subjected to an unlawful arrest on August 28, 2014 and was assaulted during the arrest. He states Defendants exceeded their jurisdiction resulting in violations of his First, Fourth, Fifth, Sixth and Eighth Amendment rights. He also asserts Defendants tortiously interfered with his court-ordered parental visitation.

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

When determining whether a plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### ANALYSIS

Plaintiff's Complaint does not meet these basic pleading standards. Because he does not allege any facts, his claims are stated as unsupported legal conclusions. This Court and Defendants are left to guess at basic elements of his claims. Although the standard of review for *pro se*

2

pleadings is liberal, it requires more than bare assertions of legal conclusions. *Bassett v. NCAA*, 528 F.3d 426, 437 (6th Cir. 2008). Defendants must have fair notice of Plaintiff's claims and the grounds upon which they rest. *See id.* Plaintiff's Complaint fails to contain sufficient factual allegations to state a claim for relief that is plausible on its face.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted, and this action is dismissed under 28 U.S.C. §1915(e). This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 13, 2015